Jones, Chancellor.
The constitution and laws authorise this writ of error; and unless something has been done by the plaintiff in error to deprive himself of that right, he must go on. Hartshorne v. Sleght was where this court had passed upon the cause on a bill of exceptions by the plaintiff, reversing the judgment, and ordering a venire de novo. On the new trial another bill of exceptions was taken, and error brought by the defendant. The bill *668 presented the identical point which had been before settled at the suit of- the plaintiff.. The court of errors were bound, by the previous decision-;, but here we are not. We have, never, passed upon the point-presented,.
It is- said the plaintiff in' error submitted to* and. followed up■ the decision.of. the supreme court.; but he did.not. do, this voluntarily. He proceeded to the trial in. the common pleas with- reluctance, and under a rule, of the court obtained by his- adversary.. All was, a consequence of the decision in the supreme, court,, as it was-- followed out and enforced by the defendant in error, and a reversal here on, this,- writ of error; will be- a reversal of every thing ;. the second trial and- judgment in the common pleas, as- well as, the judgment and proceedings of. the supreme, court, upon, which; it was bottomed. If we affirm the judgment of the •supreme court, then every "Thing is right* provided the common pleas followed the principle of damages settled for them on the writ, of error to the supreme, court. The whole is one connected proceeding. The judgment of the supreme, court, stood on the same; ground as an interlocutory decree of chancery.- - There the party may appeal in-the first instance, or submit to all consequences ;. and then appeal from the whole. ' The proceeding in the common pleas dues not relieve the plaintiff in error from his grievance by the judgment-in the supreme court. Even an entry by a .plaintiff in error, on land to which the judgment relates, will, not deprive him of his right ta proceed. It, will be in the power of this court, to give such directions in, repeat to the whole proceedings as justice shall require. The plaintiff in error has, at all- events, a right to prosecute- his writ in order to get back the costs of the writ of error to the supreme court, which he has been obliged to pay, as wed as to recover his, own costs in that court.
Motion denied.